UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA FREEDMAN,<br>Plaintiff<br><br>v.<br><br>FEDERAL ELECTIONS<br>COMMISSION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:22-CV-0298<br><br>(RAMBO, D.J.)<br><br>(ARBUCKLE, M.J.) |

REPORT AND RECOMMENDATION

I. INTRODUCTION

Joshua Freedman asks the Court to force the Federal Election Commission ("FEC") to investigate his claims that Reddit is censoring political speech, and for judicial review of the FEC's decision to dismiss his administrative complaint against Reddit. Mr. Freedman asks for this by way of a *Bivens* action. *Bivens* is completely inapplicable here, but I construe from his Complaint an attempt at asserting a mandamus action and a request for judicial review of the FEC's decision to dismiss his complaint. However, mandamus relief is inappropriate, and while Mr. Freedman seeks judicial review of the FEC's decision, the statute is explicit that judicial review of the FEC's decision to dismiss complaints must be filed in the United States District Court for the District of Columbia.

Having been granted leave to proceed *in forma pauperis*, Mr. Freedman is subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*,

236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-prisoners alike"). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

Simply, Plaintiff has no plausible cause of action against the FEC in this district. Therefore, it is RECOMMENDED that:

(1) Mr. Freedman's Complaint be DISMISSED without prejudice to file this case in another judicial district, or TRANSFERRED to the United States District Court for the District of Columbia.
(2) The Clerk of Court be DIRECTED to CLOSE this case.

II. LEGAL STANDARD FOR REVIEWING COMPLAINTS BY LITIGANTS PROCEEDING *IN FORMA PAUPERIS*

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants given leave to proceed *in forma pauperis*. Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

>   (A) the allegation of poverty is untrue; or
>
>   (B) the action or appeal--
>
>   > (i) is frivolous or malicious;
>   >
>   > (ii) fails to state a claim on which relief may be granted; or
>   >
>   > (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209-10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211. It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

III.   BACKGROUND & PROCEDURAL HISTORY

Joshua Freedman ("Plaintiff" or Mr. Freedman) started this *pro se*, *in forma pauperis* action on February 28, 2022 when he filed a Complaint. (Doc. 1). He names one defendant: the Federal Election Commission. (*Id.* at p. 2).

Mr. Freedman alleges that on or around November 22, 2021, he filed an administrative complaint with the FEC. In that complaint, he alleged that the website Reddit censored and manipulated political comments. (*Id.* at p. 4). Mr. Freedman alleges that "in the determination letter received from the FEC, they claim that my allegations were unfounded based on no response from the defendants. This seems like a dereliction of duty to protect the public and enforce federal election laws." (*Id.*). He claims that the FEC "ignore[ed] [his] allegations, and with no new information, dismissed the complaint." (*Id.*). Plaintiff did not attach his FEC complaint or the FEC's decision letter to the Complaint.

In his form Civil Rights Complaint, Plaintiff checked the *Bivens* cause of action box when given the choice between asserting a *Bivens* cause of action or a Section 1983 cause of action. (*Id.* at p. 3). When asked the underlying basis for his Section 1983 claim, Plaintiff wrote "Due process rights as guaranteed in the US Consittution [sic] [and] 52 U.S.C. § 30109(a)(8)(A), (C)." (*Id.* at p. 3). When asked to identify the underlying cause of action under *Bivens*, Plaintiff wrote "[f]ailure to perform adjudicatory duties. While adjudicatory duties are an exception to Biven's [sic] claims, I believe that a failure to perform basic adjudicatory duties would be an exception to the Biven's [sic] exceptions. (*Id.*).

As for relief, Mr. Freedman asks the Court to "force the FEC to investigate [Reddit] with at least a modicum of intent to identify how reddit makes their money,

who pays them, and what things of value are exchanged. At the very least, I would like Judicial Review of my complaint. I'd also like to amend my complaint if possible." (*Id.* at p. 5).

IV.     ANALYSIS

In Plaintiff's Complaint, he alleges the aforementioned facts give him a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Further, based on the facts of his Complaint, I construe that he is also seeking mandamus relief and is seeking judicial review of a FEC decision. However, *Bivens* is inapplicable in this case and mandamus is not an appropriate remedy. His most promising claim is a request for judicial review of a FEC decision as governed by 52 U.S.C. § 30109(a)(8). However, plaintiffs seeking judicial review of a FEC decision to dismiss a complaint must file the case in the United States District Court for the District of Columbia. As such, Plaintiff's Complaint should either be transferred to that district, or dismissed.

A.      BIVENS IS INAPPLICABLE TO THIS CASE

In Plaintiff's form Complaint, he claims that he has a cause of actions under *Bivens*. He does not, and before I explain why, I will briefly discuss *Bivens* actions.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's

constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017). In creating *Bivens* actions, the Supreme Court reserved the right to "adjust . . . remedies so as to grant the necessary relief to protect a constitutional right." *Bivens*, 403 U.S. at 392. However, any expansion of *Bivens* "is now a 'disfavored' judicial activity, *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Given the hesitance in expanding *Bivens*, the Supreme Court has recognized an implied private action against federal officials in only three cases:

> (1) *Bivens* itself—"a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment; and, (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment.

*Karkalas v. Marks*, No. 19-cv-1948, 2019 WL 3492232 at *7 (E.D. Pa. July 31, 2019) (internal footnotes omitted).

Plaintiff's *Bivens* claim is deficient in at least three ways. First, the adverse decision of a FEC complaint is plainly not a civil rights violation. *Auleta v. United States DOJ*, 80 F.Supp.3d 198, 203 (D.D.C. 2015) ("the federal defendants' failure to carry out a statutory obligation to investigate his claims does not rise to the level of a constitutional violation."). Second, a *Bivens* plaintiff is only entitled to money damages, *Davis v. Passman*, 442 U.S. 228, 245 (1979), but Mr. Freedman only seeks

injunctive relief and judicial review of an administrative body's decision. Third, *Bivens* actions cannot be sustained against federal agencies as "the purpose of *Bivens* is to deter the officer, not the agency." *Corr. Servs. Corp.*, 534 U.S. at 69 (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)). But here, Plaintiff did just that, and did not name any officer who he believes aggrieved him. So, in sum, Plaintiff has no cognizable *Bivens* action.

      B.      Mandamus Relief Is Inappropriate In This Case

As for relief, Plaintiff asks this Court to "force the FEC to investigate [Reddit] with at least a modicum of intent to identify how reddit makes their money, who pays them, and what things of value are exchanged." (Doc. 1, p. 5). I will construe this as Plaintiff seeking mandamus relief.

A district court may issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an exceptional remedy that can only be granted if a plaintiff has exhausted all other remedies. *Temple Univ. Hosp. v. Sec'y Health and Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). To qualify for mandamus relief, a petitioner must show three elements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Id.* (citing 33 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Judicial Review § 8312 (2d ed.

Apr. 2021 update)). These elements are jurisdictional, *Id.*, and is only issued in "extraordinary circumstances."

For a plaintiff to satisfy the burden of showing that his right to the issuance of the writ is "clear and indisputable, . . . [a] [plaintiff] must show that he has a clear right to the relief sought, that the respondent has a clear duty to perform the act requested the petitioner, and that there is no adequate remedy available." *Coombs v. Staff Attorneys of Third Circuit*, 168 F. Supp. 2d 432, 434 (E.D. Pa. 2001) (quoting *In re Crowder*, 201 F.3d 435 (4th Cir. Nov. 5, 1999)). Additionally, "[i]n order for mandamus to issue, a plaintiff must show that an officer or agency of the United States owes him a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Taylor v. U.S. Dep't of Labor*, 552 F. Supp. 728, 744 (E.D. Pa. 1982), *aff'd*, 725 F.2d 670 (3d Cir. 1983). So, it follows that "a private citizen, has no federal right to compel an investigation, as initiating an investigation is a function of governmental discretion." *Degrazia v. F.B.I.*, No. 08-cv-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009)); *see also Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) ("there is no federal right to require the government to initiate criminal proceedings").

As applied here, mandamus relief is not warranted. Plaintiff cannot meet the first and second requirements of a mandamus action, because an individual has no right to compel a federal investigation. *Degrazia*, 2008 WL 2456489, at *3 n.2.

Further, Plaintiff cannot meet the third mandamus requirement because Plaintiff has an alternative remedy: judicial review of the FEC's decision. However, as discussed in the next section, this is the wrong venue to seek judicial review of a FEC decision.

### C. VENUE IS NOT PROPER IN THIS COURT TO SEEK JUDICIAL REVIEW OF A FEC DECISION

Plaintiff seeks judicial review of the FEC's decision to dismiss his complaint. Plaintiff cites to 52 U.S.C. §§ 30109(a)(8) as a basis for his non-existent Section 1983 claim, but that statute provides for judicial review of the FEC's decision to dismiss a complaint. Given the nature of his claims, I believe Plaintiff is attempting to invoke the judicial review provisions of this statute.

The FEC is empowered to accept, investigate, and adjudicate complaints that a party has violated the Federal Election Campaign Act, the Presidential Election Campaign Fund Act, or the Presidential Primary Matching Payment Account Act. 52 U.S.C. § 30109(a). If the FEC dismisses a complaint under this authority, the aggrieved party can seek judicial review in federal court. 52 U.S.C. § 30109(a)(8). The relevant statute states:

> (A) Any party aggrieved by an order of the Commission dismissing a complaint filed by such party under paragraph (1), or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia.
>
> (B) Any petition under subparagraph (A) shall be filed, in the case of a dismissal of a complaint by the Commission, within 60 days after the date of the dismissal.

> (C) In any proceeding under this paragraph the court may declare that the dismissal of the complaint or the failure to act is contrary to law, and may direct the Commission to conform with such declaration within 30 days, failing which the complainant may bring, in the name of such complainant, a civil action to remedy the violation involved in the original complaint.

52 U.S.C. § 30109(a)(8).

Congress vested the authority to review the FEC's decision to dismiss a party's complaint with the U.S. District Court for the District of Columbia. As such, judicial review in the Middle District of Pennsylvania is improper. *See United States v. Troup*, 821 F.2d 194, 198 (3d Cir. 1987) (when Congress "specifically designates a forum for judicial review of admirative action, such a forum is exclusive, and this result does not depend on the use of the word 'exclusive' in the statute providing a forum for judicial review.").

If venue is improper, a district court has two options: (1) "if it be in the interest of justice," it could transfer the case to the appropriate venue or (2) it could dismiss the case. 28 U.S.C. § 1406(a). "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by time-consuming and justice-defeating technicalities." *Bockman v. First American Marketing Corp.*, 459 F. App'x. 157, 162, n. 11 (3d Cir. 2012) (internal quotations citations). A court can *sua sponte* raise the issue of improper venue, but it must "give[] the plaintiff notice of its concerns and opportunity to be heard on the issue." *Koch v. Fed. Pub. Defender's Office*, No.

16-cv-1553, 2016 U.S. LEXIS 164265, at * 16 (M.D. Pa. July 28, 2016) (report and recommendation adopted by 2016 U.S. Dist. LEXIS 163337 (M.D. Pa. Nov. 28, 2016)) (citing *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996)).

As applied here, the District Court should either transfer this case or dismiss the case. To comply with the notice requirement, the Court is putting Plaintiff on notice that venue is improper by way of this Report and Recommendation. Transfer might be the more appropriate remedy in this case because 52 U.S.C. § 30109(a)(8)(B) gives plaintiffs a short window - 60 days - to appeal the FEC's decision.

V. CONCLUSION

Plaintiff does not have a cause of action in this district. Therefore, it is RECOMMENDED that:

(1) Mr. Freedman's Complaint be DISMISSED without prejudice to file this case in another judicial district, or TRANSFERRED to the United States District Court for the District of Columbia.
(2) The Clerk of Court be DIRECTED to CLOSE this case.

Date: April 18, 2022                                  BY THE COURT

                                                      *s/William I. Arbuckle*
                                                      William I. Arbuckle
                                                      U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA FREEDMAN, <br>     Plaintiff <br><br> v. <br><br> FEDERAL ELECTIONS COMMISSION, <br>     Defendant | ) CIVIL ACTION NO. 1:22-CV-0298 <br> ) <br> ) (RAMBO, D.J.) <br> ) <br> ) (ARBUCKLE, M.J.) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: April 18, 2022                          BY THE COURT

                                                              *s/William I. Arbuckle* <br>
                                                              William I. Arbuckle <br>
                                                              U.S. Magistrate Judge